1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  WILLIAM NEUFELD,                          CASE NO. 1:06-CV-00210 OWW SMS P

10                      Plaintiff,           ORDER DISMISSING COMPLAINT, WITH
                                             LEAVE TO AMEND (Doc. 1)
11       v.
                                             ORDER REQUIRING PLAINTIFF TO FILE
12  MACK WIMBISH, et al.,                    AMENDED COMPLAINT WITHIN THIRTY
                                             DAYS
13                      Defendants.
                                    /
14

15  I.    Screening Order

16        A.    Screening Requirement

17        Plaintiff William Neufeld ("plaintiff") is a state prisoner proceeding pro se and in forma

18  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

19  February 24, 2006, and is seeking money damages and declaratory relief against defendants Sheriff

20  Mack Wimbish, Lieutenant Earl Barnes, and Deputies Manuel Baeza, Moses Castro, Amanda Meek,

21  Robert Venable, and Mike Whorf.[1]  Plaintiff alleges that excessive physical force was used against

22  him while he was being booked at the Central Receiving Facility in Bakersfield, California.

23        The court is required to screen complaints brought by prisoners seeking relief against a

24  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26

27        [1] Plaintiff also seeks the filing of formal criminal charges against defendants.  The decision to criminally
    charge defendants is one that may not be made by the court.  Therefore, that form of relief is not available to plaintiff
28  in this action.

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

    B.    Plaintiff's Claims

        1.    Excessive Force Claim

Plaintiff alleges that excessive force was used against him when he was going through the booking process, which indicates plaintiff was a pretrial detainee at the time rather than a convicted prisoner. The Eighth Amendment's prohibition against cruel and unusual punishment only protects

1    convicted prisoners.  Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386,

2    395 n.10 (1989).  It is the Due Process Clause of the Fourteenth Amendment that protects pretrial

3    detainees from the use of excessive force.  Redman v. County of San Diego, 942 F.2d 1435, 1440

4    (9th Cir. 1991) (quoting Graham v. Connor at 395 n.10).

5         In resolving a substantive due process claim, courts must balance "'several factors focusing

6    on the reasonableness of the officers' actions given the circumstances.'"  White v. Roper, 901 F.2d

7    1501, 1507 (9th Cir.1990) (quoting Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir. 1987)

8    (overruled on other grounds)).  In the White case, the Ninth Circuit articulated four factors that

9    courts should consider in resolving a due process claim alleging excessive force.  The factors are (1)

10   the need for the application of force, (2) the relationship between the need and the amount of force

11   that was used, (3) the extent of the injury inflicted, and (4) whether force was applied in a good faith

12   effort to maintain and restore discipline.  White at 1507.

13        Plaintiff's allegations that while restrained with his hands behind his back, he was dragged,

14   struck in the head and stomach, kicked in the mouth, dropped on the floor face first, and rammed

15   head first into metal bars causing him to lose consciousness are clearly sufficient to give rise to a

16   claim based on use of excessive physical force.  However, the Civil Rights Act under which this

17   action was filed provides:

18            Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the deprivation
19           of any rights, privileges, or immunities secured by the Constitution .
             . . shall be liable to the party injured in an action at law, suit in equity,
20           or other proper proceeding for redress.

21   42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the

22   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell

23   v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The

24   Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

25   within the meaning of section 1983, if he does an affirmative act, participates in another's

26   affirmative acts or omits to perform an act which he is legally required to do that causes the

27   deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

28   ///

Plaintiff has not alleged any facts linking the actions complained of to defendants Wimbish, Barnes, Baeza, Castro, Meek, Venable, and Whorf.  In order to state a claim for relief under section 1983, plaintiff must link named defendants to the actions giving rise to his excessive force claim. The court will provide plaintiff with the opportunity to file an amended complaint curing this deficiency.

2.    Claim for Violation of Penal Code

Plaintiff also alleges that the incident, which included verbal abuse, violated California Penal Code Section 422, which addresses threatening another with death or great bodily injury.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."  Id. Plaintiff's allegation that a state penal code section was violated does not give rise to a claim under section 1983.

Further, to the extent that plaintiff is attempting to bring the claim under California law, a private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979).  Where a private right of action has been implied, "'there was at least a statutory basis for interring that a civil cause of action of some sort lay in favor of someone.'" Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)).  The court has reviewed the penal statute in question and there is no indication that civil enforcement of any kind is available to plaintiff.  Cort, 422 U.S. at 79-80; Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1469-70 (9th Cir. 1984).  Accordingly, plaintiff fails to state a claim upon which relief may be granted under state law based on the alleged violation of section 422.

C.    Conclusion

The court finds that plaintiff's complaint does not state a claim under section 1983 for use of excessive force because plaintiff has not linked any of the named defendants to the incident complained of.  The court also finds that plaintiff's claim for violation of penal code section 422 is not cognizable under federal or state law.  The court will provide plaintiff with the opportunity to

4

1   file an amended complaint curing the deficiencies identified by the court in this order.

2          Plaintiff is informed he must demonstrate in his complaint how the conditions complained

3   of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d

4   227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is

5   involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

6   connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

7   362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

8   743 (9th Cir. 1978).

9          Further, plaintiff is informed that under section 1983, liability may not be imposed on

10  supervisory personnel for the actions of their employees under a theory of respondeat superior.

11  When the named defendant holds a supervisorial position, the causal link between the defendant and

12  the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858,

13  862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

14  941 (1979).  To state a claim for relief under section 1983 for supervisory liability, plaintiff must

15  allege some facts indicating that the defendant either: personally participated in the alleged

16  deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

17  promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of

18  constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885

19  F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th

20  Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support

21  claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168

22  (1993).

23         Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

24  complete in itself without reference to any prior pleading.  As a general rule, an amended complaint

25  supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once

26  plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

27  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

28  of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted under section 1983;

2.    The Clerk's Office shall send plaintiff a civil rights complaint form;

3.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4.    If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:    October 4, 2006**                          **/s/ Sandra M. Snyder**
icido3                                                                    UNITED STATES MAGISTRATE JUDGE