IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NEUFELD,<br><br>       Plaintiff,<br><br>vs.<br><br>MACK WIMBISH, et al.,<br><br>       Defendants. | 1:06-cv-00210-OWW-SMS PC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED** (Doc. 8)<br><br>**OBJECTION DUE WITHIN TWENTY DAYS** |

    Plaintiff William Neufeld ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. By order filed October 4, 2006, the court found that plaintiff's complaint failed to state any claims for relief against the named defendants. The court dismissed plaintiff's complaint and ordered plaintiff to file an amended complaint within thirty days. On October 17, 2006, the United States Postal Service returned the order served on plaintiff as undeliverable. On January 25, 2007, the court re-served plaintiff in Santa Barbara. On February 5, 2007, the United States Postal Service once again returned the order served on plaintiff as undeliverable. However, plaintiff has not notified the court of

1  any change in his address.  Absent such notice, service at a
2  party's prior address is fully effective.  <u>See</u> Local Rule 83-
3  182(f).  More than thirty days have passed and plaintiff has not
4  filed an amended complaint or otherwise responded to the court's
5  order(s).

6  Local Rule 11-110 provides that "failure of counsel or of a
7  party to comply with these Local Rules or with any order of the
8  Court may be grounds for the imposition by the Court of any and all
9  sanctions . . . within the inherent power of the Court."  District
10 courts have the inherent power to control their dockets and "in the
11 exercise of that power, they may impose sanctions including, where
12 appropriate . . . dismissal of a case."  <u>Thompson v. Housing Auth.</u>,
13 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action,
14 with prejudice, based on a party's failure to prosecute an action,
15 failure to obey a court order, or failure to comply with local
16 rules.  <u>See</u>, <u>e.g.</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir.
17 1995)(dismissal for noncompliance with local rule); <u>Ferdik v.
18 Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for
19 failure to comply with an order requiring amendment of complaint);
20 <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for
21 failure to comply with local rule requiring pro se plaintiffs to
22 keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833
23 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with
24 court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir.
25 1986)(dismissal for failure to lack of prosecution and failure to
26 comply with local rules).

27 In determining whether to dismiss an action for lack of
28 prosecution, failure to obey a court order, or failure to comply

2

1  with local rules, the court must consider several factors: (1) the
2  public's interest in expeditious resolution of litigation; (2) the
3  court's need to manage its docket; (3) the risk of prejudice to the
4  defendants; (4) the public policy favoring disposition of cases on
5  their merits; and, (5) the availability of less drastic
6  alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
7  1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;
8  Ghazali, 46 F.3d at 53.
9       In the instant case, the court finds that the public's
10 interest in expeditiously resolving this litigation and the court's
11 interest in managing the docket weigh in favor of dismissal.  The
12 third factor, risk of prejudice to defendants, also weighs in favor
13 of dismissal, since a presumption of injury arises from the
14 occurrence of unreasonable delay in prosecuting an action.
15 Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
16 factor -- public policy favoring disposition of cases on their
17 merits -- is greatly outweighed by the factors in favor of
18 dismissal discussed herein.  Finally, a court's warning to a party
19 that his failure to obey the court's order will result in dismissal
20 satisfies the "consideration of alternatives" requirement.  Ferdik
21 v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,
22 779 F.2d at 1424.  The court's order of October 4, 2006, requiring
23 plaintiff to file an amended complaint, expressly stated: "If
24 plaintiff fails to file an amended complaint in compliance with
25 this order, the court will recommend that this action be dismissed,
26 without prejudice, for failure to state a claim upon which relief
27 may be granted."  Thus, plaintiff had adequate warning that
28 dismissal would result from non-compliance with the court's order.

3

1     Accordingly, it is HEREBY RECOMMENDED that this action be
2 DISMISSED, without prejudice, for plaintiff's failure to obey the
3 court's order of October 4, 2006, and for the reasons set forth
4 therein, namely, for failure to state a claim upon which relief may
5 be granted.

6     These Findings and Recommendations are submitted to the United
7 States District Judge assigned to the case, pursuant to the
8 provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days**
9 after being served with these Findings and Recommendations,
10 plaintiff may file written objections with the court.  Such a
11 document should be captioned "Objections to Magistrate Judge's
12 Findings and Recommendations."  Plaintiff is advised that failure
13 to file objections within the specified time may waive the right to
14 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
15 (9th Cir. 1991).

17 IT IS SO ORDERED.

18 **Dated:   March 20, 2007**            /s/ Sandra M. Snyder
   icido3                                    UNITED STATES MAGISTRATE JUDGE

4