# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NEUFELD, | CASE NO. 1:06-cv-00210-OWW-SMS PC |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND TO SET ASIDE JUDGMENT |
| v. | |
| MACK WIMBISH, et al., | (Doc. 15) |
| Defendants. | |

Plaintiff William Neufeld ("plaintiff") is a prisoner who was proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 16, 2006, the Magistrate Judge dismissed plaintiff's complaint, with leave to amend within thirty days. On March 20, 2007, after substantially more than thirty days passed and plaintiff failed to comply with or otherwise respond to the Court's order, the Magistrate Judge recommended dismissal of this action, without prejudice, for failure to obey a court order and failure to state a claim. Plaintiff did not file a response and on June 15, 2007, the Court dismissed this action, without prejudice, for failure to obey a court order and failure to state a claim. Any objection was due within twenty days. On June 22, 2007, plaintiff filed a motion requesting permission to re-file his case and for the appointment of counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional

circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, this action has been dismissed and the Court therefore cannot make a determination that plaintiff is likely to succeed on the merits. Finally, based on a review of the record in this case, the Court does not find that plaintiff cannot adequately articulate his claims. Id. For the foregoing reasons, plaintiff's motion for the appointment of counsel is denied.

With respect to plaintiff's motion to re-file, plaintiff's case was dismissed without prejudice and plaintiff is therefore free to file a new action, subject to the statute of limitations. To the extent that plaintiff's motion is construed as one to set aside judgment and reopen this action, plaintiff's motion is denied for the foregoing reasons.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634

1  F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th
2  Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).  The Ninth Circuit
3  has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding
4  clauses.'"  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986)
5  (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)).  Accordingly, "the clause is
6  reserved for 'extraordinary circumstances.'"  Id.

7       Plaintiff contends that he was found incompetent and sent to Patton State Hospital on January
8  25, 2007, and returned to the Santa Barbara County Jail on June 14, 2007, for further proceedings.
9  Plaintiff has a duty to keep the Court informed of any changes in his address.  Local Rule 83-182(f).
10 Plaintiff failed to do so for a period of at least eight months.  (Docs. 9, 10, 12.)  Plaintiff has set forth
11 no grounds entitling him to relief from final judgment in this case, and his motion is denied.

12      Based on the foregoing, plaintiff's motion for the appointment of counsel and to set aside
13 judgment, filed June 22, 2007, is HEREBY DENIED.

15 IT IS SO ORDERED.

16 **Dated:    June 27, 2007**               /s/ Oliver W. Wanger
17                                           UNITED STATES DISTRICT JUDGE